**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| REGINA F. DELANEY<br>895 Ohio Pike, Apt. 22<br>Cincinnati, Ohio 45245<br>     Plaintiff,<br><br>   v.<br><br>STAY BRIGHT CLEANING SERVICE LLC<br>c/o Jackie Jones, Statutory Agent<br>6330 Goshen Road<br>Goshen, OH 45122<br><br> -and-<br><br>JACKIE JONES<br>6330 Goshen Road<br>Goshen, OH 45122<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, REGINA F. DELANEY, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## INTRODUCTION

1. Delaney brings this action against Defendants Stay Bright Cleaning Service LLC ("Stay Bright") and Jackie Jones seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law," or "OWL"), O.R.C. §§ 4111.15 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

The Employee's Attorney.™



## PARTIES

2. Delaney is a resident of the city of Amelia, county of Clermont, state of Ohio.

3. Stay Bright is a domestic limited liability company with its principal place of business located at 6330 Goshen Road, Goshen, OH 45122.

4. Jones is a resident of the State of Ohio.

5. Jones is and/or was at all times hereinafter mentioned the owner, operator, and/or manager of Stay Bright.

6. At all times referenced herein, Jones acted directly or indirectly in the interest of Stay Bright and/or within the scope of her employment with Stay Bright.

7. At all times so referenced in the Complaint, each Defendant was engaged in related activities performed through unified operation of common control for a common business purpose.

8. At all times so referenced in the Complaint, each Defendant constituted a single enterprise within the meaning of section 3(r) of the FLSA.

## JURISDICTION AND VENUE

9. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Delaney is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over Delaney's state law claims under 28 U.S.C. § 1367.

10. Venue is properly placed in the United States District Court for the Southern District of Ohio, Western Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

The Employee's Attorney.™ 

## FACTS

11. During all times material to this Complaint, Delaney is and/or was an employee of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

12. Delaney worked for Defendants as a Housekeeper from in or around October 2001 until Defendants terminated Delaney's employment on or about April 18, 2017.

13. From January 1, 2012 to on or about September 7, 2015, Delaney earned regular wages of $10.00 per hour.

14. From on or about September 7, 2015 to on or about April 18, 2017, Delaney earned regular wages of $11.00 per hour.

15. Throughout the course of her employment with Defendants, Delaney routinely worked in excess of forty (40) hours per week.

16. At no time during her employment with Defendants was Delaney classified as an "exempt" employee under the FLSA or the Department of Labor.

17. Defendants were required to pay Delaney overtime at a rate of time and one half for any hours she worked over forty (40) in a given week.

18. From January 1, 2012 until on or about November 30, 2015, Defendants failed to pay Delaney overtime when she worked in excess of forty (40) hours per week.

19. Instead of paying Delaney overtime, Defendants paid Delaney her regular wages for every hour she worked, but labeled all hours in excess of forty (40) in a given week as "Travel Time", even though Delaney never traveled for her job.

20. Defendants intentionally and willfully avoided paying Delaney overtime when she worked in excess of forty (40) hours.



21. On several occasions, Delaney confronted Defendants about the overtime pay Delaney was owed. It was not until on or about November 30, 2015, that Defendants began paying Delaney overtime wages when she worked in excess of forty (40) hours per week.

22. Defendants never paid Delaney the overtime wages Delaney earned prior to November 30, 2015.

23. On April 18, 2017, Defendants terminated Delaney's employment.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Delaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

25. During all times material to this Complaint, Delaney was not exempt from receiving the minimum wage or overtime under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

26. During all times material to this Complaint, Delaney was not exempt from receiving the minimum wage or overtime under the FLSA because she was paid an hourly rate, rather than a salary of at least $455.00 per week.

27. Defendants violated the FLSA with respect to Delaney by, *inter alia*, failing to pay Delaney overtime for all hours worked in excess of forty (40) per week, as prescribed by 29 U.S.C. § 206.

28. During all times material to this Complaint, Defendants willfully and/or intentionally violated 29 U.S.C. § 206.

29. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.



30. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Delaney for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II: VIOLATION OF THE OHIO WAGE ACT

31. Delaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

32. The Ohio Wage Act requires that covered employees be compensated at a rate of one and one-half hours for all hours worked in excess of forty (40) in a workweek. *See* O.R.C. §§ 4111.01, *et seq.*

33. During all times material to this Complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

34. During all times material to this Complaint, Delaney was a covered employee entitled to individual protection of the Ohio Wage Act.

35. Defendants violated the Ohio Wage Act with respect to Delaney by, *inter alia*, failing to pay Delaney overtime for all hours worked in excess of forty (40) per week.

36. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

37. As a direct and proximate cause of Defendants' conduct, Defendants are liable to Delaney for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.



## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Regina F. Delaney request judgment against Defendants Stay Bright and Jones:

(a) Awarding to Delaney unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Delaney costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Delaney any such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ Matthew G. Bruce
Matthew G. Bruce (0083769)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Ste. 200
Beachwood, Ohio 44122
Phone: (216) 291-4744 x 126
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
*Attorney for Plaintiff Regina F. Delaney*

## JURY DEMAND

Plaintiff Regina F. Delaney demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce
Matthew G. Bruce (0083769)

